IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARINO GUZMAN, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | Case No.:_____ |
| v. | ) ) | Judge: _____ |
| **NORTHERN ILLINOIS GAS COMPANY, d/b/a NICOR GAS** | ) ) ) ) | Magistrate:_____ |
| **Defendant.** | ) ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

NOW COMES PLAINTIFF, (hereinafter "Plaintiff" and/or "Guzman"), individually, and on behalf of a class of similarly situated people, by and through his undersigned Counsel of Record, and for his Class Action Complaint against Defendant, Northern Illinois Gas Company, d/b/a "Nicor Gas" (hereinafter "Defendant" or "Nicor"), states as follows:

## NATURE OF ACTION

1. Plaintiff, Marino Guzman, brings this Class Action Complaint against Defendant Nicor, seeking damages for Defendant's egregious race and color discrimination and related illegal conduct constituting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*. (hereinafter "Title VII"), and violations of The Civil Rights Act of 1866, 42 U.S.C. §1981. Plaintiff, in his representative capacity, seeks a declaratory judgment that Defendant's promotional process and selection criteria for supervisory, management and upper-level management positions has an unlawful disparate impact on Hispanic employees' employment opportunities and that such promotional processes and selection criteria are unlawful under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The Plaintiff, in his

representative capacity, further seeks a permanent injunction and other equitable relief necessary to eliminate the disparate impact of Defendant's promotional process and selection criteria and to prevent such discrimination and disparate impact from continuing to effect their lives and careers in the future, including, but not limited to, affirmative restructuring of Defendant's selection, advancement and promotional procedures, implementation of equitable relief to include declaratory relief and injunctive relief, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. Plaintiff further seeks back pay, and other equitable remedies and damages necessary to make him and members of the class whole.

2. This case is about Defendant's promotional process and selection criteria which appears neutral on its face, but has had and continues to have a disparate impact on the advancement of its Hispanic employees into supervisory, management and upper-level management positions.

3. This case is also about Defendant's intentional discrimination based on race and color, whereby Defendant has intentionally and willfully refused to promote Hispanic employees into supervisory, management and upper-level management positions based on their race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 & 1981(A).

4. Plaintiff Guzman has been subjected to discrimination on the basis of his race (Hispanic) and color (Dark).

5. Plaintiff Guzman is an outstanding employee of Defendant who makes substantial contributions to Defendant's operations and during all relevant times has performed his job responsibilities in a manner that meets or exceeds Defendant's legitimate business expectations.

6. Plaintiff Guzman has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of Defendant's illegal conduct as alleged herein.

7. Plaintiff Guzman brings a Title VII race and color claim individually and on behalf of a class of all other similarly situated current and former Hispanic employees of Defendant who were not promoted into supervisory, management and upper-level management positions as a result of Defendant's facially neutral promotional process and selection criteria which had and continues to have a disparate impact on Defendant's Hispanic employees' advancement into supervisory, management and upper-level management positions, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. Plaintiff Guzman also brings a Title VII race and color claim and a Civil Rights Act of 1866 claim individually and on behalf of a class of all other similarly situated current and former Hispanic employees of Defendant who were not promoted into supervisory, management and upper-level management positions as a result of Defendant's intentional and willful race and color discrimination, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. All allegations and claims are pled in the alternative to the extent such an interpretation is necessitated by law, required for proper construction under the law, and permitted under federal law.

## JURISDICTION AND VENUE

10. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 *et*

*seq.*, as amended by the "Civil Rights Act of 1991," and the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a).

11. Upon information and belief, the amount in controversy in this action exceeds the sum or value (sic) of $5,000,000.00, exclusive of interest and costs.

12. Upon information and belief, at least one member of the Rule 23 Class is a citizen of a different state than that of Defendant.

13. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c). Defendant resides and does business in the Northern District of Illinois and the Plaintiff is a resident of the Northern District of Illinois. Nicor is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

14. Plaintiff, in his class-wide claims, requests injunctive and declaratory relief and compensation for back pay, lost wages, front pay, lost benefits, emotional distress and punitive damages and/or any and all other damages permitted by applicable law, and attorneys' fees and costs.

## THE PARTIES

a. **Plaintiff**

15. The representative Plaintiff, MARINO GUZMAN, is a resident of the City of Aurora, in Kane County, Illinois.

b. **Defendant**

16. Upon information and belief, Defendant Nicor is an Illinois corporation whose principal office is located at 1844 Ferry Road, Naperville, Illinois, 60563.

17. Defendant Nicor, describes itself as "one of the nation's largest gas distribution companies."

## CLASS ALLEGATIONS

18. Plaintiff brings his claims under Title VII and the Civil Rights Act of 1866, individually, and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The Rule 23 Class is defined as:

> "All current and former Hispanic employees of Nicor who were denied promotion opportunities or promotions into supervisory, management or upper-level management positions from April 14, 2001 through the present"

19. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Rule 23 Class period has had, a controlling interest in Nicor; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit a timely and otherwise proper request for exclusion from the Rule 23 Class.

20. **Numerosity:** The persons in the Rule 23 Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the calculation of that number is presently within the sole control of Defendant.

21. **Commonality**: There are numerous questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Rule 23 Class that predominate over any question solely affecting individual members of the Rule 23 Class include, but are not limited to, the following:

 (a) Whether Defendant's promotional process and selection criteria for supervisory, management and upper-level management positions had and continues to have a disparate impact on the advancement of Hispanic employees into supervisory, management and upper-level management positions at Nicor, as compared to non-Hispanic and/or Light Colored employees;

 (b) Whether Defendant's actions in failing to promote Hispanic employees into supervisory, management and upper-level management positions was intentional, willful and/or deliberate;

 (c) Whether the Defendant was an "employer" of Plaintiff and the Rule 23 Class within the meaning of Title VII, the Civil Rights Act of 1866;

 (d) Whether Defendant's actions as alleged herein violate Title VII;

 (e) Whether Defendant's actions as alleged herein violate the Civil Rights Act of 1866; and

 (f) Whether or not Defendant fails to promote Hispanic employees into supervisory, management and upper-level management positions because of their race or color.

22. **Typicality:** The claims of the Representative Plaintiff are typical of the Rule 23 Class.

23. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Rule 23 Class.

24. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage/back pay litigation,

where individual class members lack the financial resources to vigorously prosecute separate lawsuits in Federal Court against large corporations like Defendant (the discriminatory behavior has adversely impacted the Rule 23 Classes ability to bring individual actions).

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

26. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## PROCEDURAL HISTORY

27. Plaintiff Guzman filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on April 14, 2006 alleging violations of Title VII and the Civil Rights Act of 1866. Plaintiff hereby incorporates all of the allegations of the Charge of Discrimination herein by reference. *See COD attached hereto as Exhibit A.*

28. The commission issued a "Notice of Right to Sue (Issued on Request)" dated December 9, 2008. *See Right to Sue attached hereto as Exhibit B.*

29. Plaintiff timely filed this lawsuit within ninety (90) days from the date of the December 9, 2008, Notice of Right to Sue.

## COMMON ALLEGATIONS

30. During all relevant times herein, Defendant was and is an employer as defined by Title VII.

31. During all relevant times herein, Representative Plaintiff and the Rule 23 Class are/were employees of Defendant as defined by Title VII.

32. Plaintiff is a member of a racial minority. Plaintiff is Hispanic.

33. Plaintiff has dark colored hair, eyes, and skin.

34. Plaintiff Guzman has worked for Defendant Nicor since 1997. Plaintiff is a dedicated, hardworking, and loyal employee that contributes to Defendant in a substantial and meaningful manner.

35. Plaintiff is a qualified, competent, educated and dedicated employee that has been denied promotions into supervisory, management and upper-level management positions at Nicor on the basis of his race and color.

36. Defendant Nicor categorizes its approximately 1200 employees (from lowest to highest responsibility and pay) as: (1) Staff - pay grades 1-4; (2) Supervisors - pay grades 4-6; (3) Managers pay grades 7-9; (4) Assistant Vice Presidents; (5) Vice Presidents; (6) Senior Vice Presidents; and (7) Officers/Executives.

37. Plaintiff and putative class members have been subjected to discrimination as a result of Defendant's implementation and enforcement of its "facially neutral" promotional processes and selection criteria which have had a disparate impact on Hispanic employees' promotional opportunities and promotions into supervisory, management and upper-level management positions.

38. Plaintiff and putative class members have also been intentionally discriminated against on the basis of their race and color, in that Nicor has intentionally denied Hispanic employees promotional opportunities and promotions into supervisory, management and upper-level management positions at Nicor. Upper-level managers at Nicor openly and frequently refer

to its few Black management and upper-level management employees as "Token Blacks" and openly comment on how the company has no "Token Mexicans."

39. Plaintiff has received excellent evaluations throughout his employment with Defendant. However, Plaintiff was systematically and routinely denied promotions to supervisory, management and upper-level management positions on the basis of his race and color, which less qualified White employees received.

40. In 1998, Arnie Dumanus left his supervisory position in the "Control System" department of Defendant. At that time, Plaintiff was an excellent and well-educated staff employee in the control system department and inquired about applying for the position. The position was filled by Tom Otto, a less qualified White employee, without any testing, review or interviews of the candidates or the Complainant.

41. In 2003, Plaintiff applied for a "Storage Supervisor" position which was a level 4-5 pay grade position. Defendant posted that a bachelor's degree was a requirement of the position. Despite the fact that Plaintiff had not yet acquired a bachelor's degree he asked his supervisor if he could apply and was told yes. Senior Vice President, Kris Nichols approved Plaintiff applying for the position. The position was related to "Supervisory Control" and "Data Acquisition" which was within Plaintiff's area of expertise. The position went to John Harrison, a less qualified White employee that did not have a bachelor's degree.

42. In 2004, Tom Otto left his position as Defendant's "Control System Supervisor." Plaintiff sent an email to Gary Stercay, the General Manager of Engineering, indicating that he would like to fill the "Control System Supervisor" position. Gary Stercay, nor any of Defendant's employees responded to Plaintiff's request to interview for the position. Defendant left the position open for over a year and eventually filled it with a less qualified White

employee, Pam Tuburan. Pam and Plaintiff had graduated DeVry with associate degrees together and both began working for Defendant, in the Control Group. However, Pam left the Control Group after a year (going to the corrosion department) while Plaintiff continued to grow in experience and expertise in the Control Group. Since 2004, Plaintiff has split his time and responsibilities between the Control Group and the Measurement Group. Furthermore, Plaintiff continued his education during this period of time and had a bachelor's degree when he was denied the promotion, while Pam merely had the associate degree they had both received years earlier. Moreover, Plaintiff was the senior ranking staff member of the Control Group when the position opened up and when it was filled by a less qualified, less experienced, less senior and less educated White employee. The position was filled without even granting Plaintiff the opportunity to apply for the position. Pam and other White employees have systematically, routinely and intentionally been given better promotions and pay increases than Plaintiff and other Hispanic employees, despite the White employees having less experience, seniority and education.

43.     Plaintiff applied to be a data specialist. Defendant's supervisor, Pam, approved his application and Plaintiff was interviewed. The position was filled by a non-Hispanic employee with no experience whom had come directly from the "call center." At the time, the position would have allowed Plaintiff to move from a level 3 pay grade employee to a level 4 pay grade employee.

44.     Prior to Plaintiff's filing of his underlying charge of discrimination, Plaintiff and the putative class were routinely denied promotional opportunities and promotions into supervisory, management and upper-level management positions. Subsequent to the filing of Plaintiffs underlying charge of discrimination, Plaintiff has been promoted to the supervisory

level pay grade and is currently a level 5 senior control systems engineer. Prior to Plaintiff's underlying charge of discrimination, there were no Hispanic management and upper-level management employees at Defendant. Upon information and belief, subsequent to the filing of the underlying charge of discrimination, Defendant has promoted a few Hispanic employees into supervisory and management positions. However, as Defendant characterizes its few Black management employees as "Token Blacks," Defendant has promoted a few Hispanics into supervisory and management level positions as what it has described as "Token Mexicans" and there continues to be a disparate impact on Hispanic employees ability to attain supervisory, management and upper-level management positions of Defendant.

45. Defendant's policies, procedures and practices are biased toward promoting White and non-Hispanic employees to supervisory, management and upper-level management positions.

46. At all relevant times herein, Plaintiff was performing all of his job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for failing to promote Plaintiff to a supervisory, management or upper-level management position.

47. Plaintiff suffered severe damages as a direct and proximate result of Defendant's illegal conduct, as alleged herein.

48. All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable federal law.

## COUNT I

### (DISCRIMINATION IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *et seq.* – DISPARATE IMPACT)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if

fully set forth herein, except for those allegations alleging intentional discrimination.

50. All conditions precedent to Count I have been satisfied.

51. Plaintiff and the Rule 23 Class are/were employees of the Defendant.

52. Plaintiff is an employee of the Defendant.

53. Plaintiff and the Rule 23 Class are members of a racial minority. Plaintiff and the Rule 23 Class are Hispanic.

54. Plaintiff and the Rule 23 Class always performed their duties to the legitimate expectations of their employer.

55. Plaintiff and the Rule 23 Class have suffered adverse job actions, including a failure to be promoted to supervisory, management and upper-level management positions.

56. Defendant's facially neutral promotional process and selection criteria for supervisory, management and upper-level management positions have had a disparate impact on Plaintiff, Hispanics and the Rule 23 class, as alleged herein.

57. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff and the Rule 23 Class because of their Hispanic race in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq*.

58. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff and the Rule 23 Class based on their Hispanic race.

59. Defendant's actions have caused Plaintiff and the Rule 23 Class great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost

wages and benefits, future pecuniary losses, and other consequential damage.

60. There is a causal connection between the Plaintiff's and the Rule 23 Class' race, and/or color and the disparate impact suffered by Plaintiff and the Rule 23 Class at the hands of the Defendant.

## COUNT II

**(DISCRIMINATION IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *et seq*. – DISPARATE TREATMENT)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

62. All conditions precedent to Count II have been satisfied.

63. Plaintiff and the Rule 23 Class are/were employees of the Defendant.

64. Plaintiff is an employee of the Defendant.

65. Plaintiff and the Rule 23 Class are members of a racial minority. Plaintiff and the Rule 23 Class are Hispanic.

66. Plaintiff and the Rule 23 Class always performed their duties to the legitimate expectations of their employer.

67. Plaintiff and the Rule 23 Class have suffered adverse job actions, including a failure to be promoted to supervisory, management and upper-level management positions.

68. Defendant intentionally and willfully failed and refused to promote Plaintiff, Hispanics and the Rue 23 class to supervisory, management and upper-level management positions based upon their Hispanic race. Defendant's conduct has been intentional, deliberate, willful and conducted with disregard for federal law and for the rights of the Plaintiff and the Rule 23 Class.

69. The actions of Defendant as perpetrated by its agents and as described and

complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff and the Rule 23 Class because of their Hispanic race in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq*.

70. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff and the Rule 23 Class based on their Hispanic race.

71. Defendant's actions have caused Plaintiff and the Rule 23 Class great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damage.

72. There is a causal connection between the Plaintiff's and the Rule 23 Class' race, and/or color and the disparate treatment suffered by Plaintiff and the Rule 23 Class at the hands of the Defendant.

## COUNT III

**(DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 – DISPARATE TREATMENT)**

73. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

74. All conditions precedent to Count III have been satisfied.

75. Defendant has discriminated against the Plaintiff and the Rule 23 Class in its promotional processes, selection criteria and failure to promote to supervisory, management and upper-level management positions because of their Hispanic race and dark color in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

76. Defendant's conduct has been intentional, deliberate, willful and conducted with

disregard for the rights of the Plaintiff and the Rule 23 Class.

77. By reason of Defendant's discriminatory employment practices based upon race and color, Plaintiff and the Rule 23 Class have experienced extreme harm, including loss of compensation, wages, back and front pay, damages and other employment benefits, and as such, are entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

78. There is a causal connection between the Plaintiff's and the Rule 23 Class' race, and/or color and the discrimination and damages suffered by Plaintiffs at the hands of the Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i. Acceptance of jurisdiction of this cause;

ii. A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff and the Class;

iii. A preliminary and permanent injunction against the Defendant and its partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and discrimination as set forth herein;

iv. An Order requiring the Defendant to initiate and implement programs that: (1) provide equal employment opportunities for Hispanic employees; (2) remedy the effects of the Defendant's past and present unlawful employment practices; and (3) eliminate the continuing effects of the discriminatory practices described herein above;

v. Certification of this case as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure;

vi. Designation of the Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

vii. Damages sufficient to compensate Plaintiff and the Rule 23 Class for their injuries;

viii. Back Pay, inclusive of lost wages and any benefits;

ix. Pre-judgment and post-judgment interest;

x. Reasonable attorney's fees and costs of this action;

xi. Punitive damages; and

xii. Any and all other relief that this Honorable Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 3, 2009  FOOTE, MEYERS, MIELKE & FLOWERS, LLC

/s/Robert M. Foote_____
Robert M. Foote, Esq. (#03124325)
Stephen Fung, Esq. (#06289522)
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 N. First St., Suite 2
Geneva, Illinois 60134

Kathleen C. Chavez (#06255735)
Chavez Law Firm, P.C.
28 N. First St., Suite 2
Geneva, Illinois 60134

Telephone: (630) 232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Lane
Saint Charles, Illinois 60174
Telephone: (630) 862-1130
Facsimile: (630) 845-8982

***Attorneys for Plaintiff***