IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARINO GUZMAN, individually and on Behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | No. 09 C 1358 |
| v. ) ) | The Honorable William J. Hibbler |
| NORTHERN ILLINOIS GAS COMPANY, d/b/a/ NICOR GAS ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Guzman brings this claim pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. He alleges that Defendant Nicor, his employer, repeatedly discriminated against him by denying him promotions or promotion opportunities because of his skin color and because he was Hispanic. He also seeks to bring his claims on behalf of a class of "[a]ll current and former Hispanic employees of Nicor who were denied promotion opportunities or promotions into supervisory, management or upper-level management positions from April 14, 2001 through the present." Nicor now moves to dismiss the disparate impact claims, certain claims it believes to be time-barred, and all of the class claims. For the reasons stated below, the Court grants the motion in part and denies it in part.

### *BACKGROUND*

Guzman's complaint sets forth the following relevant facts, which the Court treats as true for the purposes of ruling on this motion. See *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). Guzman has been a Nicor employee since 1997. During his tenure, he has received excellent evaluations and has pursued educational

1

opportunities, including obtaining a bachelor's degree. Nonetheless, Nicor has denied Guzman promotions or promotional opportunities on four occasions. On each occasion, Nicor offered the promotion or the opportunity to a less-qualified non-Hispanic candidate.

First, in 1998, Guzman inquired about applying for an open supervisory position. Nicor filled the position with a less-qualified white employee without any testing, review or interviews of the candidates or Guzman. Then, in 2003, Guzman applied for a different supervisory position and was once again passed up for a less qualified white employee. In 2004, the supervisor who obtained the position Guzman inquired about in 1998 left his position. Guzman requested that Nicor give him an opportunity to interview for the position. However, Nicor ignored his request and left the position open for a year, eventually giving it to a less qualified white employee. Thus, Nicor apparently made the decision to fill the position during 2005, though the Complaint does not make clear exactly when. Finally, Nicor denied Guzman a promotion to the position of data specialist and gave the position to a less qualified non-Hispanic employee. The Complaint indicates that this happened after the 2005 decision, but does not specify when. Guzman believes that each of these decisions was made on the basis of his race and dark skin color. So, on April 21, 2006, Guzman filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). He filed the instant complaint on March 3, 2009. In the time between the filings, Nicor promoted Guzman to a supervisory position.

Based on the underrepresentation of minorities in supervisory roles at Nicor and on comments Guzman heard from upper-level managers regarding the presence of "token Black" employees and the lack of "token Mexicans," Guzman also believes that other Hispanic employees have experienced similar discrimination. He therefore brings his claims on behalf of a class, which he defines as follows:

> All current and former Hispanic employees of Nicor who were denied promotion opportunities or promotions into supervisory, management or upper-level management positions from April 14, 2001 through the present.

## *STANDARD OF REVIEW*

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). As noted above, the Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

## *DISCUSSION*

Nicor moves for partial dismissal of Guzman's complaint on three grounds. First, Nicor claims that Guzman has not stated a claim for relief under a disparate impact theory. Second, Nicor argues that some of Guzman's claims are time-barred because of the four-year statute of limitations on § 1981 claims and the requirement that a victim of discrimination file a charge with the EEOC within 300 days of the unfair employment practice. Finally, Nicor argues that Guzman's complaint fails to state a claim for class relief, and that the Court should thus dismiss his class claims.

## I. Disparate impact

In his response, Guzman concedes that he has not stated a claim for relief under a disparate impact theory. Thus, the Court grants the motion with regard to Count I of the Complaint.

## II. Class claims

Nicor challenges Guzman's class claims on the grounds that Guzman has failed to sufficiently plead facts supportive of a determination that a class action is appropriate under Rule 23 of the Federal Rules of Civil Procedure. Nicor argues that Guzman's complaint largely consists of boilerplate allegations lifted from the Rule itself, that he makes no specific allegations regarding discrimination against other members of the class, and that because he has since been granted a promotion, he is not an adequate representative of the class he seeks to represent. Guzman disagrees with these contentions, but also protests that it would be premature for the Court to address Nicor's arguments at this stage in the proceedings.

Guzman is correct that courts normally address motions for class certification or decertification at a later stage in the proceedings. Rule 23 does direct the Court to make the determination at "an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), but generally the Court rules after some discovery. This is, in part, because plaintiffs generally have the burden of demonstrating that they meet the requirements of Rule 23. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Class action defendants, however, are often in control of the information plaintiffs need to meet that burden. Thus, discovery is often appropriate, even necessary. Accordingly, in instances such as this one, where a defendant moves for what is essentially decertification on the pleadings, courts have sometimes applied a different standard, placing the burden on defendants. *See, e.g., Picus v. Wal-Mart Stores, Inc.*,

256 F.R.D. 651, 655 (D. Nev. 2009) (citing *Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 613-14 (W.D. Wis. 2003)). Nicor seems to accept this notion given that it has dubbed its filing a motion to dismiss.

Given that the burden does fall on Nicor, and that the Court has the responsibility to make this determination at "an early *practicable* time," Fed. R. Civ. P. 23(c)(1)(A) (emphasis added), the Court denies Nicor's motion to dismiss Guzman's class claims. Guzman does not merely set forth boilerplate allegations. In addition to his claims that he was denied promotional opportunities on four occasions, he also alleges that there is an underrepresentation of minorities in supervisory roles at Nicor and that he heard upper-level Nicor managers comment on the presence of "token Black" employees and the lack of "token Mexicans." These allegations may be relatively sparse, but the Court finds that Guzman's allegations are sufficient to propel him forward into discovery. The Court will therefore address class certification at a later stage.

### III. Timeliness

Guzman can only proceed on Title VII claims of unfair employment practices if he filed a charge with the EEOC challenging the alleged practices within 300 days of their occurrence. 42 U.S.C. § 2000e-5(e)(1); *Baylie v. Fed. Reserve Bank of Chicago*, 476 F.3d 522, 524 (7th Cir. 2007). A four-year statute of limitations applies to § 1981 claims. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 383-85, 124 S. Ct. 1836, 1846, 158 L. Ed. 2d 645 (2004). Thus, generally, Guzman would not be able to pursue Title VII claims based on events occurring prior to June 18, 2005 or any § 1981 claims based on events occurring prior to March 3, 2005.

However, Guzman argues that he should be able to pursue these claims under a continuing violation theory. Nicor argues that the Supreme Court foreclosed this possibility in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed.

5

2d 106 (2002). In *Morgan*, the Court held that when it comes to "discrete acts such as...failure to promote...[which] are easy to identify," each one "constitutes a separate actionable 'unlawful employment practice'" under Title VII. *Id.* at 114, 122 S. Ct. at 2073. Thus, the Court refused to apply the continuing violations doctrine to reach claims based on acts that occurred outside of the statutory period for filing an EEOC charge. *Id.* at 114-15, 122 S. Ct. at 2072-73. In contrast, the Court held that the doctrine could be applied to "hostile work environment" claims, because "their very nature involves repeated conduct." *Id.* at 115-17, 122 S. Ct. at 2073-74.

The *Morgan* Court also explicitly noted that the case did not present the issue of whether the doctrine could be applied to "pattern-or-practice" claims. *Id.* at 115 n.9, 122 S. Ct. at 2073. This seems to be an open question. While pattern-or-practice claims may not necessarily be "based on the cumulative effect of individual acts," their very nature does involve repeated conduct. *Id.* at 115, 122 S. Ct. at 2073. Thus, the Court finds that the continuing violations doctrine can apply in pattern-or-practice cases under Title VII. At least one other court has reached a similar conclusion with regard to the "policy or custom" corollary of Title VII pattern-or-practice cases that arises under 42 U.S.C. § 1983. *See Branch v. Guilderland Cent. Sch. Dist.*, 239 F. Supp. 2d 242, 253-54 (N.D.N.Y. 2003); *cf. Kaster v. Safeco Ins. Co. of America*, 212 F. Supp. 2d 1264, 1269 n.4 (D. Kan. 2002) (allowing for the possibility of applying the doctrine in pattern-or-practice cases, but finding that the case did not fall into that category). Additionally, while *Morgan* only explicitly addresses Title VII claims, the Court will apply the same rule to Guzman's § 1981 claims, in accordance with Seventh Circuit precedent applying *Morgan* to employment discrimination claims brought under other statutes. *See Hildebrandt v. Ill. Dept. of Natural Resources*, 347 F.3d 1014, 1036 n.18 (7th Cir. 2003) (applying *Morgan* to § 1983 claims); *see also Mokry v. Partylite Worldwide, Inc.*, No. 07 C 0972, 2009 WL 2588888, *7-*8

(N.D. Ill. Aug. 20, 2009) (applying *Morgan* to Title VII, Age Discrimination and Employment Act, and § 1981 claims).

Although Guzman does not explicitly spell out a pattern-or-practice theory in his complaint, he is not required to do so, so long as his complaint supports such a claim. *See, e.g., Vincent v. City of Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007); *see also* Fed. R. Civ. P. 8(a). In his response brief, Guzman seems to argue just that. His complaint does not merely allege that he was denied promotions or promotion opportunities on four discrete occasions, but that all Hispanic Nicor employees were subject to the company's consistent practice of discrimination. His claims do not rest solely on the four discrete instances in which he was denied promotional opportunities, but also on comments he heard regarding "token Black" and "token Mexican" employees. Therefore, while Guzman may not ultimately be able to prove a pattern or practice of discrimination, his complaint provides adequate support for such a claim at this early stage. Insofar as Guzman's claim of a pattern-or-practice of discrimination survives, the continuing violations doctrine will allow Guzman to rely on events that occurred outside of the relevant statutory periods in support of that claim.

However, the Court will not apply the doctrine in such a way as to save Guzman's individual claims to relief for any wrongs he suffered as a result of discrete acts that occurred outside of the relevant statutory periods. In *Tinner v. United Insurance Company of America*, 308 F.3d 697, 707-09 (7th Cir. 2002), the Seventh Circuit applied the *Morgan* holding to a plaintiff who also alleged that an employer engaged in discrete acts of discrimination, each individually actionable, that were spread out over a number of years. The Court held as follows:

> a plaintiff who feels discriminated against by a discrete act, but fails to timely file charges on that act, cannot later reach back to those events when the statute of limitations expires in order to form a continuing violation claim. So, if the employee knew, or

> with the exercise of reasonable diligence should have known, that each act, once completed, was discriminatory, the employee must sue upon that act within the relevant statutory period.

*Id.* at 708. Though Guzman, unlike the plaintiff in *Tinner*, is pursuing his claims on behalf of a class, and he might also pursue a pattern-or-practice claim, his individual claims are similarly limited.

At first blush, the Court's holding may seem to be contradictory. However, the unique nature of pattern-or-practice claims allows the Court to reconcile its two apparently conflicting conclusions. The plaintiff in a class action pattern-or-practice suit has the initial (and substantial) burden of establishing "that unlawful discrimination has been a regular procedure or policy" followed by the employer. *Int'l Bhd. of Teamsters v. U.S.*, 431 U.S. 324, 360, 97 S. Ct. 1843, 1867, 52 L. Ed. 2d 396 (1977). If the plaintiff meets this burden (and the employer is unable to set forth a sufficient defense), the court may award prospective relief, including injunctions. *Id.* at 361, 97 S. Ct. at 1867-68. The litigation then moves on to the "remedial" stage with regard to individual plaintiffs. *Id.* at 361-62, 97 S. Ct. at 1868. At that stage, a finding of a pattern or practice of discrimination will support an inference "that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy." *Id.* at 362, 97 S. Ct. at 1868.

Thus, if Guzman's class claims and pattern-or-practice claims survive until trial, the class may rely on events occurring outside of the relevant statutory periods in order to prove that a pattern or practice existed. If they are successful, they may pursue prospective relief and use the resulting inference in their favor in the second stage of trial. However, Guzman will not be able to base his individual claims for relief on discrete discriminatory acts that occurred outside of the relevant statutory periods. Other individual plaintiffs will be similarly limited. *See Movement*

*for Opportunity & Equality v. Gen. Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980) ("only those who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class"). In the event that the pattern-or-practice claim is unsuccessful, the individual claims for relief will face the same time constraints. In that case, although there will be no pattern or practice from which to draw an inference of discriminatory intent, *Morgan* does not prohibit plaintiffs from using evidence of earlier discriminatory acts as background evidence. 536 U.S. at 113, 122 S. Ct. at 2072.

## *CONCLUSION*

For the above reasons, the Court: (1) GRANTS Nicor's motion to dismiss Count I of Guzman's complaint; (2) GRANTS Nicor's motion to dismiss Guzman's disparate treatment claims as time-barred; (3) DENIES Nicor's motion to dismiss Guzman's pattern-or-practice claims as time-barred; and (4) DENIES Nicor's motion to dismiss Guzman's class claims.

IT IS SO ORDERED.

11/6/09
Dated

Hon. William J. Hibbler
United States District Court